**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| George Morton, Anitra Terry, and Debra Williams, *on behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>Med Shield, Inc. d/b/a M.S.I. Credit & Collection,<br><br>    Defendant. | Civil Action No:<br><br><br><br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiffs GEORGE MORTON, ANITRA TERRY, and DEBRA WILLIAMS ("Plaintiffs"), by Plaintiffs' attorneys, brings this class action to challenge the actions of Defendant MED SHIELD, INC. d/b/a M.S.I. CREDIT & COLLECTION, ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Indiana.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

8. Through this Complaint, Plaintiffs do not allege that any state court judgment was entered against anyone in error, and Plaintiffs do not seek to reverse or modify any judgment of any state court.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.C. § 1692k(d).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

12. Plaintiffs reside in this Judicial District.

## PARTIES

1. Plaintiff George Morton, ("Morton"), is a natural person who resides in Indianapolis, Indiana, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

2. Plaintiff Anitra Terry ("Terry"), is a natural person who resides in Indianapolis, Indiana, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Debra Williams, ("Williams"), is a natural person who resides in Indianapolis, Indiana, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Med Shield, Inc. d/b/a M.S.I. Credit & Collection (hereinafter referred to as "Defendant") is located at 2424 E. 55th Street, Suite 100, Indianapolis, IN 46220.

5. The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

6. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment otherwise know as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant attempted to collect a "debt" from Plaintiff and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiffs are individuals residing within the State of Indiana.

9. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of Indiana.

10. Defendant is a debt collection agency attempting to collect a debt from Plaintiffs.

11. Prior to 2019, Plaintiffs allegedly incurred their own respective debts, which were for primarily for personal, family or household purposes as defined by §1692(a)(5) (hereinafter, the "Debts").

12. The Debts allegedly owed by Plaintiffs went into default.

13. After the Debts went into default the Debts were placed or otherwise transferred to the Defendant for collection.

14. At all times relevant, Plaintiffs dispute their respective Debts.

15. Plaintiffs request that Defendant cease all further communication on the Debts.

16. Defendant's collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

17. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

18. Plaintiffs retained Sawin & Shea, LLC for legal representation regarding the Plaintiffs' alleged Debts.

19. On or around March 11, 2019, Defendant mailed a dunning letter to Terry in an attempt to collect a debt allegedly owed by Terry (the "Terry Letter"). *See Exhibit "2" attached hereto.*

20. The Terry Letter stated, "Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." *See Exhibit "2" attached hereto.*

21. On or around July 12, 2019, Defendant mailed a dunning letter to Morton in an attempt to collect a debt allegedly owed by Morton (the "Morton Letter"). *See Exhibit "3" attached hereto.*

22. The Morton Letter stated, "Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." *See Exhibit "3" attached hereto.*

23. On or around September 9, 2019, Defendant mailed a dunning letter to Williams in an attempt to collect a debt allegedly owed by Williams (the "Williams Letter 1"). *See Exhibit "4" attached hereto.*

24. The Williams Letter 1 stated, "Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." *See Exhibit "4" attached hereto.*

25. On or around September 9, 2019, Defendant mailed a second dunning letter to Williams in an attempt to collect a debt allegedly owed by Williams (the "Williams Letter 2"). *See Exhibit "5" attached hereto.*

26. The Williams Letter 2 stated, "Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." *See Exhibit "5" attached hereto.*

27. The Terry Letter, Morton Letter, Williams Letter 1, and Williams Letter 2 (collectively, the "Dunning Letters") do not inform their respective recipients that the interest being assessed is prejudgment interest or contractual interest, nor do the Dunning Letters state that the amount requested in interest may or may not be owed as is has not been awarded by court. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 925 (7th Cir. 2012) (Court of Appeals held that a dunning letter is false and misleading if it implies that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass).

28. At the time the Dunning Letters were sent by Defendant, Defendant was not entitled to collect interest from Plaintiffs by right of contract.

29. At the time the Dunning Letters were sent by Defendant, Defendant was not entitled to collect prejudgment interest from Plaintiffs by statute.

30. Any applicable statute for prejudgment interest only allows for the assessment of interest after a judgment has been rendered.

31. Plaintiffs did not have any judgments on the Debts at the time Defendant sent the Dunning Letters; therefore, Plaintiffs could not have owed prejudgment interest on the Debts.

32. Defendant made false threats to Plaintiffs regarding the amount of the alleged Debts by including an interest factor in an attempt to intimidate Plaintiffs into making payments and/or impermissibly coerce money out of Plaintiffs that Defendant was not entitled to, which violates the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. Ill. 2009) ("A dollar due is a dollar due. Applying an incorrect rate of interest would lead to a real injury . . . ."); *Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1038 (8th Cir. 2018) ("a false representation of the amount of a debt that overstates what is owed under state law materially violates [the FDCPA]"); *Lannan v. Levy & White*, 186 F. Supp. 3d 77, 92 (D.Mass. 2016) ("Including prejudgment interest in the total amount due, viewed from the perspective of the hypothetical unsophisticated consumer, . . . could mislead the consumer as to the amount of the debt actually owed, which in turn could make it difficult for the consumer to respond effectively . . . .") (internal quotations and citations omitted); *see also Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 973 (E.D.Ky. 2014) ("the Court concludes that, although statutory prejudgment interest is available as a matter of course for liquidated claims under Kentucky law, it was not proper for LVNV to include it prior to receiving a judgment.").

33. Moreover, violations of the FDCPA, such as those detailed above, which would lead a consumer to alter the consumer's course of action as to whether to pay a debt, or which

would be a factor in the consumer's decision-making process, are material. *See Lox*, *supra*, 689 F.3d 818, at 827 (7th Cir. 2012).

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon vs. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

35. Here, Defendant's actions would cause the unsophisticated consumer to question the true character of the debt, and whether the consumer indeed had the rights that Congress granted the consumer under the FDCPA.

36. Plaintiffs have suffered unnecessary fear and emotional distress believing Defendant could charge or potentially charge Plaintiffs additional interest that they did not owe at the time they received their respective Dunning Letters.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692d by creating a false sense of urgency by engaging in conduct, such as including increasing interest on the Debts, the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the Debts.

38. Through this conduct, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of the Debts, specifically by adding interest to the Debts and attempting to collect interest from Plaintiffs.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of Plaintiffs' alleged Debts, specifically by adding interest to the Debts and attempting to collect interest from Plaintiffs.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by creating a false sense of urgency by threatening to take action that cannot legally be taken or that is not intended to be taken, specifically by adding interest to the Debts and attempting to collect interest from Plaintiffs.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect on Plaintiffs' alleged Debts, specifically by adding interest to the Debts and attempting to collect interest from Plaintiffs.

42. Through this conduct, Defendant violated 15 U.S.C. § 1691f(1) by collecting of any amount of interest incidental to the principal obligation which was not expressly authorized by the agreement creating the Debts or permitted by law.

## CLASS ALLEGATIONS

43. Plaintiffs bring this action on behalf of themselves individually, and on behalf of all others similarly situated ("the Class").

44. Plaintiffs represent, and are members of the Class, defined as follows:

> (i) all persons with addresses within the United States; (ii) who were sent one or more dunning letter(s) by Defendant; (iii) to recover a consumer debt; (iv) that impermissibly included interest; (iv) which was not returned undeliverable by the United States Postal Service; (v) at any time one year prior to the date of the filing of this Action.

45. Defendant and its employees or agents are excluded from the Class.

46. Plaintiffs do not know the exact number of persons in the Class, but believe it to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

47. The joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court. The

identity of the individual members of the Class is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether the Dunning Letters violated the FDCPA;
   b. Whether members of the Class are entitled to the remedies under the FDCPA;
   c. Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;
   d. Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA;
   e. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,
   f. Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA.

49. As persons that received at least one written communication from Defendant in violation of FDCPA, Plaintiffs are asserting claims that are typical of the Class.

50. Plaintiffs will fairly and adequately protect the interests of the Class.

51. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

52. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

53. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

54. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

55. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard and via an internet website.

56. Plaintiffs requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT ONE

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to statutory damages in the amount up to $1,000.00, and such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

- That this action be certified as a class action on behalf of the Class as requested herein;
- That Plaintiffs be appointed as representatives of the Class;
- That Plaintiffs' counsel be appointed as counsel for the Class;
- An award of statutory damages of $1,000.00 for each Plaintiff and such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

## JURY DEMAND

60. The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 7, 2020

Respectfully Submitted,

By: /s/Richard J. Shea

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
*Attorneys for Plaintiff*
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com

By:/s/ Anthony Chester
Anthony P. Chester
Kazerouni Law Group, APC
*Attorneys for Plaintiff*
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@kazlg.com